## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MELISSA MITCHELL, et al.,

      Plaintiffs,

      v.

THE DOUBLE J EXPRESS
TRUCKING, LLC, et al.,

      Defendants.

CIVIL ACTION NO. 3:25-cv-01821

(SAPORITO, J.)

## ORDER

This is a diversity action. The plaintiffs are a husband and wife, Melissa Mitchell ("Melissa") and Joseph Mitchell ("Joseph"), who are both residents and citizens of Florida. In their two-count complaint, the plaintiffs allege state-law negligence and loss of consortium claims against the defendants, Justin Poulin, a resident and citizen of Vermont, and his employer, The Double J Express Trucking, LLC ("Double J"), also alleged to be a citizen of Vermont, arising out of a motor vehicle collision that occurred in Schuylkill County, Pennsylvania, on October 29, 2023. In Count I of the complaint, Melissa asserts a negligence claim against both defendants. In Count II of the complaint, Joseph asserts a derivative loss of consortium claim against both defendants, arising out of the

injuries suffered by his wife. *See generally* Doc. 1.

The defendants have answered the complaint. In their answer, the defendants have interposed the affirmative defense of release, proffering a copy of the putative release as an attachment to the answer. *See generally* Doc. 14.

After answering, the defendants moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). Doc. 19, at 4. In their supporting brief, the defendants argue only that the plaintiffs' claims are barred by the proffered release. Doc. 19, at 5–11.

In their opposition brief, the plaintiffs argue that, by its terms, the release did not extinguish claims arising out of physical injuries to Melissa, but only to those arising out of physical injuries to Joseph. In the alternative, they argue that the terms of the release are ambiguous, and that it is necessary for the court to consider extrinsic evidence in construing the intended scope of the release. Doc. 21-2.

The defendants have moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P.

12(c). "Under Rule 12(c), a court must accept all factual averments as true and draw all reasonable inferences in favor of the non-moving party." *U.S. Fid. & Guar. Co. v. Tierney Assocs., Inc.*, 213 F. Supp. 2d 468, 469 (M.D. Pa. 2002) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 104, 1054 (3d Cir. 1980)); *see also Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, 513 F. Supp. 2d 157, 163 (M.D. Pa. 2007) ("When deciding a motion for judgment on the pleadings, the court is directed to view 'the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the nonmoving party.'" (quoting *Hayes v. Cmty. Gen. Osteopathic Hosp.*, 940 F.2d 54, 56 (3d Cir. 1991))). In deciding a Rule 12(c) motion, "a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (internal quotation marks omitted); *see also Mele v. Fed. Rsrv. Bank N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (noting that, in the context of a Rule 12(c) motion, a court may consider "documents *integral to or explicitly* relied upon in the complaint") (internal quotation marks omitted, emphasis in original).

Ultimately, "[a] party moving for judgment on the pleadings under Rule 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered as a matter of law." *U.S. Fid. & Guar.*, 213 F. Supp. 2d at 469–70 (first citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988); and then citing *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991)).

In their complaint, the plaintiffs have asserted common law tort claims for negligence and loss of consortium. The proffered release is not mentioned in the complaint, it is not attached to the complaint, it is not a matter of public record, and it does not form the basis for any of the plaintiffs' claims. *See Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 273 (3d Cir. 2016). "[W]e cannot say that the [proffered release] was integral to [the Mitchells'] claims. It is integral only to the Defendants' attack on those claims." *Hartig*, 836 F.3d at 274. Because the release is extrinsic to the complaint, we cannot properly consider it for purposes of a Rule 12(c) motion for judgment on the pleadings, and without the release, the defendants' motion lacks any foundation. *See Hartig*, 836 F.3d at 274; *St. Louis v. New Hudson Facades, LLC*, No. 23-cv-4516, 2024

- 4 -

WL 1333369, at *2 (E.D. Pa. Mar. 28, 2024) ("General releases that may provide defense to a lawsuit are usually not 'integral' documents appropriate for review at the [Rule 12 motion] stage."); *see also Phila. Indem. Ins. Co. v. Life Safety Fire Prot., Inc.*, No. 2:23-cv-00641, 2024 WL 3849973, at *3 (D. Vt. Aug. 16, 2024) (recognizing that, "[a]lthough the existence of a settlement agreement that purportedly releases Plaintiffs' claims . . . is an affirmative defense that may dispositive in this case," the proffered settlement agreement was not integral to the complaint, in which plaintiff's negligence and breach of warranty claims did not rely heavily on the agreement's terms or effect); *Pinkerton Tobacco Co. v. Art Factory AB*, No. 2:20-cv-01322, 2020 WL 8515015, at *2 (C.D. Cal. Dec. 24, 2020) (recognizing that multiple decisions in various federal courts "have declined to grant judgment on the pleadings based on a release or waiver attached to the answer").

We further decline to convert the motion for judgment on the pleadings into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Fed. Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) ("A district court has discretion as to whether to convert a motion for judgment on the pleadings into a motion for summary judgment."); *see*

*also Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992) (noting that district court had discretion to convert a motion to dismiss into a motion for summary judgment). Based on the parties' briefing, and based on our own review of the terms of the proffered release, the release itself admits to some potential ambiguity concerning its scope, which may necessitate the conduct of discovery by the parties and our subsequent consideration of extrinsic evidence as to the mutual intent of the parties to the release.

Accordingly, **IT IS HEREBY ORDERED THAT** the defendants' motion for judgment on the pleadings (Doc. 19) is **DENIED**.

Dated: July 2, 2026                *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge